FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

13 SEP -3 PH 12: 08

MIDDLE DIST... ...COURT
TAMPA, FLORIDA

CASE NO.

8:13cv2270 17 tgw

MICHAEL LYNCH, and
JENNIE LYNCH,

      Plaintiffs,

v.

CARGILL MEAT SOLUTIONS, INC.,
a foreign corporation

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MICHAEL LYNCH, and JENNIE LYNCH, by and through their undersigned attorney, sue Defendant, CARGILL MEAT SOLUTIONS, INC., and allege:

### GENERAL ALLEGATIONS

1.    This is an action for damages that exceeds $75,000.00, exclusive of interest and costs.

2.    Plaintiffs, MICHAEL LYNCH and JENNIE LYNCH, are and at all times material hereto were residents of Lakeland, Polk County, Florida.

3.    On December 3, 2011, JEFFREY JOHN WOOD, was employed by Defendant, CARGILL MEAT SOLUTIONS, INC.

4.    Defendant, CARGILL MEAT SOLUTIONS, INC., is a foreign corporation, incorporated under the laws of Delaware with its principal place of business in Wichita, Kansas.



RA-19161
$ 400

5.     The Court has subject matter jurisdiction over this action pursuant to the diversity statute 28 U.S.C. § 1332, in that the amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and the action is between citizens of different States.

6.     This Court has personal jurisdiction over Defendant, CARGILL MEAT SOLUTIONS, INC., by virtue of the Florida Long Arm Statute including, but not limited to Sections 48.193(2), and 48.181(3), in that the Defendant, CARGILL MEAT SOLUTIONS, INC., was engaged in substantial and not isolated activity within the state of Florida.   Defendant, CARGILL MEAT SOLUTIONS, INC., knowingly supplies its products for sale in Florida, under conditions established by Defendant, CARGILL MEAT SOLUTIONS, INC.   Under § 48.181(3), because Defendant, CARGILL MEAT SOLUTIONS, INC., sells its products in Florida, it is conclusively presumed to be engaged in substantial and not isolated activities within the state of Florida.

7.     This Court has personal jurisdiction over Defendant, CARGILL MEAT SOLUTIONS, INC., by virtue of the Florida Long Arm Statute including, but not limited to Sections 48.193(1)(a)1, because Defendant, CARGILL MEAT SOLUTIONS, INC., is operating, conducting, engaging and carrying on a business venture in this state, including, but not limited to, operating offices in Florida, employing individuals in Florida, and having a registered agent in Florida.

8.     This Court has personal jurisdiction over Defendant, CARGILL MEAT SOLUTIONS, INC., by virtue of the Florida Long Arm Statute including, but not limited to Sections 48.193(1)(a)6 because Defendant, CARGILL MEAT SOLUTIONS, INC., was engaged in solicitation and service activities within Florida, and products, of Defendant,

CARGILL MEAT SOLUTIONS, INC., were used and consumed within the state in the ordinary course of commerce, trade, and use.

9.    Defendant, CARGILL MEAT SOLUTIONS, INC., has had sufficient minimum contacts with Florida, including but not limited to, initiating and maintaining continuous and systematic business contacts in Florida for pecuniary gain, including but not limited to operating offices in Florida, employing individuals in Florida, having a registered agent in Florida, and selling its products to Florida consumers.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), because, under the venue statute, Cargill resides in Florida pursuant to 28 U.S.C. §1391(d).

## COUNT I

### (VICARIOUS LIABILITY FOR THE NEGLIGENCE OF JEFFREY JOHN WOOD)

11.    Plaintiff, MICHAEL LYNCH, realleges and hereby incorporates the allegations contained in paragraphs one (1) through ten (10) herein.

12.    JEFFREY JOHN WOOD owed a duty of reasonable care to Plaintiff, MICHAEL LYNCH.

13.    JEFFREY JOHN WOOD breached that duty by being attentive and driving too fast for the conditions, resulting in him slamming his motor vehicle into the rear of Plaintiff, MICHAEL LYNCH's parked motor vehicle on December 3, 2011, on the Interstate at Interstate I-40, Mile Post 265, Santa Rosa, Guadulupe County, New Mexico.

14.   At the time of the negligent acts described in paragraph thirteen (13), JEFFREY JOHN WOOD was acting within the course and scope of his employment with Defendant, CARGILL MEAT SOLUTIONS, INC.

15.   Defendant, CARGILL MEAT SOLUTIONS, INC. is vicariously liable for the negligent acts of its employee, JEFFREY JOHN WOOD.

16.   As a direct and proximate result of the negligent conduct of JEFFREY JOHN WOOD, Plaintiff, MICHAEL LYNCH, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff, MICHAEL LYNCH, will suffer the losses in the future.

**WHEREFORE**, Plaintiff, MICHAEL LYNCH, demands judgment against Defendant, CARGILL MEAT SOLUTIONS, INC. for compensatory damages, costs, and such other relief as this Court deems just and proper.

## COUNT II

### (JENNIE LYNCH's Claim for Loss of Consortium against CARGILL MEAT SOLUTINS, INC.)

17.   Plaintiff, JENNIE LYNCH, realleges and hereby incorporates the allegations contained in paragraphs one (1) through ten (10) herein.

18.   JEFFREY JOHN WOOD owed a duty of reasonable care to Plaintiff, MICHAEL LYNCH.

19.    JEFFREY JOHN WOOD breached that duty by being attentive and driving too fast for the conditions, resulting in him by slamming his motor vehicle into the rear of Plaintiff, MICHAEL LYNCH's parked motor vehicle on December 3, 2011, on the Interstate at Interstate I-40, Mile Post 265, Santa Rosa, Guadulupe County, New Mexico.

20.    As a direct and proximate result of the negligent conduct of JEFFREY JOHN WOOD, Plaintiff, MICHAEL LYNCH, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff, MICHAEL LYNCH, will suffer the losses in the future.

21.    At the time of the negligent acts described in paragraph nineteen (19), JEFFREY JOHN WOOD was acting within the course and scope of his employment with Defendant, CARGILL MEAT SOLUTIONS, INC.

22.    Defendant, CARGILL MEAT SOLUTIONS, INC. is vicariously liable for the negligent acts of its employee, JEFFREY JOHN WOOD.

23.    At the time of the negligent acts described in paragraph nineteen (19) Plaintiff, JENNIE LYNCH, was the wife of Plaintiff, MICHAEL LYNCH.

24.    Plaintiff, JENNIE LYNCH, as a direct and proximate result of the negligence of JEFFREY JOHN WOOD, has suffered and will continue to suffer the loss of her husband's services, comfort, society, attention and companionship.

**WHEREFORE,** Plaintiff, JENNIE LYNCH, demands judgment against Defendant, CARGILL MEAT SOLUTIONS, INC. for compensatory damages, costs and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, MICHAEL LYNCH and JENNIE LYNCH, further demand a trial by jury on all issues so triable against Defendant, CARGILL MEAT SOLUTIONS, INC.

Dated this _27_ day of August 2013.

FROST VAN DEN BOOM
& SMITH, P.A.

By: _____
Peter W. van den Boom, Esq.
Florida Bar No. 143601
Post Office Box 2188
Bartow, FL 33831-2188
Telephone: (863)533-0314
Facsimile: (863)533-8985
pwboom@aol.com
wcarter@fvslaw.com

ATTORNEYS FOR PLAINTIFFS